IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MARREESE ALEXANDER HUDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-101 |
| | ) | |
| RICHARD ROUNDTREE, Sheriff; | ) | |
| OFFICER WASHINGTON; | ) | |
| SGT. JANE DOE; and, RICHMOND | ) | |
| COUNTY SHERIFF'S DEPT., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Coffee Correctional Facility ("CCF") in Nicholls, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights case concerning events alleged to have occurred at the Charles B. Webster Detention Center in Augusta, Georgia. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.   SCREENING OF THE COMPLAINT**

   **A.   BACKGROUND**

Plaintiff names the following Defendants: (1) Richard Roundtree, Sheriff of Richmond County; (2) Mr. Washington, an officer; (3) Jane Doe, a sergeant; and (4) Richmond County Sheriff's Department. (See doc. no. 1, pp. 1, 4, 7-9.) Taking all of

Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff was temporarily housed at the detention center from March 15 to 20, 2018, because he was scheduled to appear in Superior Court for re-sentencing on his convictions for aggravated assault, child molestation, and cruelty to children. (Id. at 9.) Prior to leaving his permanent facility, CCF, Plaintiff and his fellow inmates prepared "legal documents, briefs, notes, arguments, etc." to use during the re-sentencing proceedings, and Plaintiff arrived at the detention center on the afternoon of March 15th with these legal materials in his possession. (Id. at 9-10.) When Defendant Washington booked Plaintiff into the detention center, he took Plaintiff's legal materials, and despite Plaintiff's explanation he needed the materials for his re-sentencing the next day, told Plaintiff he could not keep the materials with him in his cell. (Id. at 10.) Defendant Washington also refused to allow Plaintiff to make arrangements to have his mother pick up the materials. (Id.) Defendant Washington said Sheriff Roundtree made the policy that legal materials could not be kept in cells and refused to give Plaintiff a grievance form. (Id.)

The next day, Plaintiff asked "the transfer officer(s)" for his legal materials prior to leaving for the courthouse, but they refused. (Id. at 11.) Thus, when Plaintiff appeared *pro se* for his re-sentencing, he was unable to successfully argue for a reduction of the original forty-year sentence. (Id. at 11-12.) Had Plaintiff been allowed to have his legal materials with him, he "would have received a substantially reduced sentence." (Id. at 12.) Plaintiff seeks compensatory and punitive damages from Sheriff Roundtree and Defendant Washington, as well as an injunction prohibiting enforcement of Sheriff Roundtree's

"customs, policies, practices and procedures" that deprive prisoners coming to the detention center from state prisons of their legal materials.  (Id. at 14.)

B.  **DISCUSSION**

1.  **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting

3

Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim for Relief against Defendants Jane Doe and Richmond County Sheriff's Department.

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds Plaintiff has failed to state a viable § 1983 claim against Defendants Jane Doe or Richmond County Sheriff's Department. First, Plaintiff fails to mention either of these two Defendants in his statement of claim. The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

Second, as to Richmond County Sheriff's Department, Plaintiff does not explain how this collective entity can itself be sued and/or how a sheriff's department as a collective entity may be responsible for the actions of the individuals working there. Plaintiff thus fails to state a

claim for relief against the entity of Richmond County Sheriff's Department. See West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in a § 1983 case an allegation of the violation of a right secured by the Constitution of the United States by a person acting under color of state law); Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866-67 (11th Cir. 2008) (rejecting claim against prison where the plaintiff failed to allege decision making officials took specific actions amounting to a constitutional violation).[1]

For these reasons, Plaintiff fails to state a claim against Defendants Doe and Richmond County Sheriff's Department, and they should be dismissed from the case.

### 3.    Plaintiff Fails to State a Claim for Relief Regarding the Grievance Procedure at the Detention Center.

Under Eleventh Circuit law, "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure." Bingham v. Thomas, 654 F.3d 1171, 1177-78 (11th Cir. 2011) (*per curiam*). Thus, any claim Plaintiff may be attempting to raise based on his inability to utilize a grievance procedure fails to state a claim upon which relief may be granted. See id.; see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate.").

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants Doe and Richmond County Sheriff's Department, as well as any claim related to

---

[1] By separate Order the Court has directed service of process on Sheriff Roundtree based on the allegations he has promulgated customs, policies, practices, and procedures of denying inmates access to their legal materials, and on Defendant Washington for following that policy and refusing to allow Plaintiff access to his legal papers for use during his re-sentencing.

the lack of an available grievance procedure, be **DISMISSED** from this case for failure to state a claim against them upon which relief can be granted.

SO REPORTED and RECOMMENDED this 16th day of July, 2018, at Augusta, Georgia.

／s／ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA