IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MARREESE ALEXANDER HUDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-101 |
| | ) | |
| RICHARD ROUNDTREE, Sheriff, | ) | |
| and OFFICER WASHINGTON, | ) | |
| | ) | |
| Defendants. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, incarcerated at Coffee Correctional Facility ("CCF") in Nicholls, Georgia, is proceeding *pro se* and *in forma pauperis* in this civil rights case concerning events alleged to have occurred at the Charles B. Webster Detention Center in Augusta, Georgia. Defendants Roundtree and Washington have each filed a pre-answer motion to dismiss. (Doc. nos. 14, 15 (hereinafter, motions together as "Defendants' motions").) Plaintiff did not respond to either motion, and as previously explained, (doc. no. 16), the motions are therefore deemed unopposed under Local Rule 7.5. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Defendants' motions be **GRANTED**, this civil action be **DISMISSED**, and an appropriate judgment of dismissal be **ENTERED**.

## I.    BACKGROUND

On July 16, 2018, the Court screened Plaintiff's complaint and directed service of process on Defendant Roundtree, Sheriff of Richmond County, and Defendant Washington, an officer at the Charles B. Webster Detention Center, based on Plaintiff's allegations of denial of access to the courts.  (See doc. no. 8.)  The Court also recommended dismissal of two other Defendants, as well as any claims related to allegations of the inability to utilize the grievance procedure at the detention center.   (See doc. no. 9.)  Chief United States District Judge J. Randal Hall adopted that recommendation, without objection, as the opinion of the Court.  (See doc. no. 11.)  Because only Sheriff Roundtree and Officer Washington remain as Defendants, the Court turns its attention to the facts alleged in the complaint regarding these two individuals.

Plaintiff was temporarily housed at the detention center from March 15 to 20, 2018, because he was scheduled to appear in Superior Court for re-sentencing on his convictions for aggravated assault, child molestation, and cruelty to children.  (Doc. no. 1, p. 9.)  Prior to leaving his permanent facility, CCF, Plaintiff and his fellow inmates prepared "legal documents, briefs, notes, arguments, etc." to use during the re-sentencing proceedings, and Plaintiff arrived at the detention center on the afternoon of March 15th with these legal materials in his possession.  (Id. at 9-10.)  When Officer Washington booked Plaintiff into the detention center, he took Plaintiff's legal materials, and despite Plaintiff's explanation he needed the materials for his re-sentencing the next day, told Plaintiff he could not keep the materials with him in his cell.  (Id. at 10.)  Officer Washington also refused to allow Plaintiff to make arrangements to have his mother pick up the materials.  (Id.)  Officer Washington

2

stated Sheriff Roundtree made the policy that legal materials could not be kept in cells and refused to give Plaintiff a grievance form.  (Id.)

The next day, Plaintiff asked "the transfer officer(s)" for his legal materials prior to leaving for the courthouse, but they refused.  (Id. at 11.)  Thus, when Plaintiff appeared *pro se* for his re-sentencing, he was unable to successfully argue for a reduction of his original forty-year sentence.  (Id. at 11-12.)  Had Plaintiff been allowed to have his legal materials with him, he "would have received a substantially reduced sentence."  (Id. at 12.)  Plaintiff seeks compensatory and punitive damages from Sheriff Roundtree and Officer Washington, as well as an injunction prohibiting enforcement of Sheriff Roundtree's "customs, policies, practices and procedures" that deprive prisoners coming to the detention center from state prisons of their legal materials.  (Id. at 14.)

## II.    DISCUSSION

Although Sheriff Roundtree and Officer Washington filed two separate motions, their primary argument for dismissal is the same:  Plaintiff fails to state a claim upon which relief may be granted because he has not shown he incurred actual harm from the deprivation of his legal material.  For the reasons set forth below, the Court agrees Defendants' motions should be granted on this basis.

Sheriff Roundtree also argues the claims against him should be dismissed because he cannot be held responsible for Officer Washington's actions on the basis of supervisory liability, and as to any state law claims, he is entitled to Eleventh Amendment immunity. (Doc. no. 14, pp. 10-11.)  Because the Court finds Plaintiff fails to state a viable denial of

access to the courts claim, the Court need not address the supervisory liability argument. <u>See</u> <u>Dang v. Sheriff, Seminole Cty., Fla.</u>, 871 F.3d 1272, 1282 (11th Cir. 2017) ("In light of the Court's determination that there was no constitutional deprivation, there is no basis for supervisor liability." (citations omitted)).  Likewise, as discussed in detail below, because the Court is recommending dismissal without prejudice of any potential state law claims, the Court need not address Eleventh Amendment immunity.

### A.   Legal Standard for Rule 12(b)(6) Motion

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. <u>Adinolfe v. United Tech. Corp.</u>, 768 F.3d 1161, 1168 (11th Cir. 2014).  The Court must accept as true all facts alleged in the complaint and draw all reasonable inferences in Plaintiff's favor. <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007) (<i>per curiam</i>); <u>American</u> <u>Dental Ass'n v. Cigna Corp.</u>, 605 F.3d 1283, 1288 (11th Cir. 2010).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v.</u> <u>Twombly</u>, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555.

The Court must also consider Rule 12(b)(6) in conjunction with Federal Rule of Civil Procedure 8. <u>Id.</u>  While Rule 8(a) does not require detailed factual allegations, "it demands

more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Twombly, 550 U.S. at 555 (citation omitted).   In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Id. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson, 551 U.S. at 94.  However, this liberal construction does not mean that the court has a duty to re-write the complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

**B.     Plaintiff Fails to State a Claim for Denial of Access to the Courts Against Either Defendant**

Plaintiff claims Defendants violated his right of access to the courts by forcing him to appear for re-sentencing without the legal materials he brought with him from CCF.  (Doc. no. 1, p. 14.)  According to Plaintiff, had he been allowed to have his legal materials with him, he "would have received a substantially reduced sentence."  (Id. at 12.)  However, Plaintiff does not specifically describe anywhere in his complaint what arguments he was unable to make.  (Id. at 12-13.)  Rather, he states in conclusory fashion,

> Had the plaintiff been able to have his legal materials for use at this resentencing hearing, he would not have been obstructed and hindered from presenting non-frivolous claims to the court and would have been able to argue

and a [sic] substantially lower sentence than the original 40 years imposed by the trial.

(Id. at 13.)

Attached to Defendants' motions, however, are copies of documents from the state trial court and appellate proceedings related to Plaintiff's convictions for which he was re-sentenced, and those documents show his term of imprisonment was in fact reduced.  (Doc. nos. 14-1 to 14-10.)  The Court may consider these attachments to Defendants' motions without converting the motions to motions for summary judgment because (1) the attachments are central to Plaintiff's claims, and (2) the attachments are undisputed in that their authenticity is not challenged.   See Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); Long v. Slaton, 508 F.3d 576, 578 n.3 (11th Cir. 2007) (recognizing court not always limited to four corners of a complaint at Rule 12(b)(6) stage, particularly where authenticity and veracity of attachments to motion not challenged); see also Cunningham v. Dist. Att'y Office for Escambia Cty., 592 F.3d 1237, 1255 (11th Cir. 2010) (allowing judicial notice of court proceedings in which a plaintiff in civil case was convicted or attacked conviction); Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010) (per curiam) (citing Fed. R. Evid. 201(b) and explaining court may take judicial notice of public records without converting motion to dismiss to motion for summary judgment).

These attachments show the trial court originally sentenced Plaintiff to concurrent, twenty-year terms in prison on counts one and two (child molestation), and one year in prison on count three (cruelty to children) to serve concurrently with count one.  (Doc. no. 14-2.)  The trial court also sentenced Plaintiff to concurrent, twenty-year sentences on counts

four and five (child molestation), to be served consecutive to count one.  (Id.)  Plaintiff received a ten-year sentence on count seven (aggravated assault) to run concurrently with count one, and a one-year prison term, consecutive to all counts, for the conviction on count eight (interference with a 911 call).

Plaintiff unsuccessfully moved for a new trial, and then filed a motion to correct an illegal or void sentence.  (Doc. nos. 14-3, 14-4, 14-5.)  When the trial court denied the motion to correct an illegal or void sentence, Plaintiff appealed.  (Doc. nos. 14-6, 14-7.)  The Georgia Court of Appeals vacated Plaintiff's sentence and remanded for resentencing, ruling the sentence for the four counts of child molestation were void because the trial court did not impose a split sentence on each count as required by statute.  (Doc. nos. 14-8, 14-9.)  Even though the Court of Appeals vacated Plaintiff's sentence, he remained in custody at CCF. (Doc. no. 1, p. 7.)

When Plaintiff appeared before the trial court for re-sentencing without his legal materials, he received a reduced sentence from the original sentence:  concurrent, fifteen-year terms in prison on counts one and two (child molestation), and concurrent, fifteen-year sentences on counts four and five (child molestation) split as five years in prison and ten years on probation, to be served consecutive to the fifteen-year prison terms for counts one and two; ten years in prison for count seven (aggravated assault), with two, one-year prison terms on the remaining two charges, to be served concurrent with the aggravated assault sentence.  (Doc. no. 14-10).  Thus, Plaintiff's term of confinement for the child molestation

charges was reduced by ten years, and a previous consecutive, one-year prison term was changed to a concurrent term.

Despite this significant reduction in prison time, Plaintiff maintains in this lawsuit he suffered actual injury from being unable to argue for a lower sentence than the original forty years he received.  (Doc. no. 1, pp. 10-13.)  Nowhere does Plaintiff explain what arguments he would have made, only stating he had "legal arguments" to make, (id. at 10), did not have materials necessary "to argue and present grounds for a decreased sentence," (id. at 12), and was "hindered from presenting non-frivolous claims."  (Id. at 13.)  Nor did Plaintiff offer any insight or explanation in response to Defendants' motions, as he failed to file any response.

To state a viable denial of access to the courts claim, a plaintiff must allege actual injury to existing or contemplated litigation or nonfrivolous (and therefore viable) claims challenging Plaintiff's sentence or conditions of confinement.  Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998); see also Lewis v. Casey, 518 U.S. 343, 349-55 (1996).  There must be evidence of deterrence of a nonfrivolous claim "such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials."  Wilson, 163 F.3d at 1290-91.  Stated otherwise, there must be an allegation that the actions of a defendant acting under the color of state law "hindered . . . 'efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights.'"  Id. at 1291 (citation omitted).

To show actual injury, a plaintiff must show he had a legitimate claim that prison officials restricted him from pursuing.  Al-Amin v. Smith, 511 F.3d 1317, 1333 (11th Cir. 2008).  "[T]he very point of recognizing any access claim is to provide some effective

vindication for a separate and distinct right to seek judicial relief for some wrong." Christopher v. Harbury, 536 U.S. 403, 414-15 (2002). Therefore, the complaint must contain allegations sufficient to give fair notice of what was allegedly lost and show "that the 'arguable' nature of the underlying claim is more than hope." Id. at 416. "The injury requirement reflects the fact that 'the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong.'" Cunningham, 592 F.3d at 1271 (citation omitted). Accordingly, "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." Christopher, 536 U.S. at 403.

Here, Plaintiff fails to provide *any* detail or specificity of the arguments he would have made had his legal materials been with him when he left the detention center and appeared for re-sentencing. He repeatedly uses vague and conclusory terminology about "legal arguments" and "non-frivolous claims," but he never explains the substance of those arguments and claims. Moreover, at re-sentencing, Plaintiff's term of imprisonment was reduced ten years as to the child molestation charges he claims he could have attacked if only he had his unidentified arguments and materials with him. In the absence of any description of Plaintiff's underlying claims he was allegedly prevented from making, Plaintiff cannot show actual injury. Therefore, the Court concludes Plaintiff's complaint fails to state a viable denial of access to the courts claim upon which relief can be granted. See Christopher, 536 U.S. at 417-18; Cunningham, 592 F.3d at 1271-74; Robles v Kane, 550 F.

App'x 784, 787 (11th Cir. 2013) (*per curiam*) (finding plaintiff failed to state claim for relief based on right to access courts where he never explained arguments he would have made in appellate brief had his legal mail not been delayed).

### C.     Plaintiff's Claims for Compensatory and Punitive Damages Are Barred

Defendants' motions also argue Plaintiff's claims for compensatory and punitive damage should be dismissed because the Prison Litigation Reform Act provides only for nominal damages in the absence of physical injury.

42 U.S.C. § 1997e(e) provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).

The Eleventh Circuit has held 42 U.S.C. § 1997e is constitutional and that Congress has left open avenues for other types of relief that are ample for constitutional purposes. Harris v. Garner, 190 F.3d 1279, 1287-89 (11th Cir. 1999), *vacated, reh'g granted en banc*, 197 F.3d 1059 (11th Cir. 1999), *reinstated in relevant part*, 216 F.3d 970, 972 (11th Cir. 2000).  Accordingly, a prisoner cannot recover compensatory or punitive damages where he cannot demonstrate a (more than *de minimis*) physical injury.  See Brooks v. Warden, 800 F.3d 1295, 1307 (11th Cir. 2015) (citing Al-Amin v. Smith, 637 F.3d 1192, 1198 (11th Cir. 2011) (punitive) and Harris, 190 F.3d at 1286 (compensatory)).   However, a prisoner plaintiff may seek nominal damages for constitutional violations where the absence of physical injury prevents recovery of compensatory and punitive damages.  Id. at 1308.

Here, Plaintiff cannot show, indeed does not allege, any physical injury.  Because he cannot show physical injury, Plaintiff is barred from recovering compensatory and punitive damages.  Thus, even if Plaintiff had sufficiently alleged a denial of access to the courts claim, which he has not, his claims for compensatory and punitive damages should be dismissed.

### D.    Any Potential State Law Claims Should Be Dismissed Without Prejudice

Federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  However, § 1367(c)(3) states that "[t]he district courts may <u>decline</u> to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ."  <u>Id.</u> § 1367(c)(3) (emphasis added).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . .  We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, the Court has determined that the claims serving as the basis for original federal court jurisdiction fail to state a claim upon which relief may be granted and should be dismissed. Thus, without the federal claims, the Court concludes any potential state law claims should be dismissed without prejudice. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well.")

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants' motions be **GRANTED**, (doc. nos. 14, 15), this civil action be **DISMISSED**, and an appropriate judgment of dismissal be **ENTERED**.

SO REPORTED and RECOMMENDED this 14th day of November, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

12